IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C.R. No. 2:98-1240; 2:99-325; |
| | ) | 2:99-327; 2:99-328; 2:99-331; |
| Respondent, | ) | 2:99-332; 2:99-333. |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Preston McRae Smalls, | ) | |
| | ) | |
| Petitioner. | ) | |
| | ) | |

This matter is before the court on motion of petitioner Preston McRae Smalls. Petitioner asks this court to reduce his sentence pursuant to the rule announced in United States v. Booker, 125 S. Ct. 738 (2005).

**I. BACKGROUND**

On April 6, 1999, petitioner pled guilty to conspiracy and firearm allegations and was consequently sentenced to a term of 120 months in federal prison.[1] Petitioner did not appeal his sentence, and it became final on August 13, 1999.[2]

On February 16, 2001 petitioner filed a motion to reduce his sentence. This court denied that motion on August 20, 2001. On August 29, 2001 petitioner filed a notice of appeal of that denial; on January 29, 2002 the Fourth Circuit Court of Appeals dismissed petitioner's appeal. On March 11, 2003 petitioner filed a "Motion to Modify

---

[1] Petitioner was also sentenced to 60 months for a related firearms count, to run consecutive with the 120 month sentence.

[2] Judgment was entered against defendant on July 29, 1999, but because he did not appeal his sentence, it became final when his right to notice any such appeal expired, i.e., August 13, 1999. See Fed. R. App. P. 4(b)(1) and 26(a)(2); see also United States v. Shank, 395 F.3d 466, 469 (4th Cir. 2005).

Imprisonment Under Title 18 U.S.C. § 3582(c)(2) & U.S.S.G. 1B1.10(c)." On July 12, 2004 this court denied that motion; on the same day, petitioner filed a motion entitled "Motion to Compel Re: Title 28 U.S.C. § 2255 Vacate, Set Aside, or Correct Sentence, Memorandum of Authorities in Support of Motion to Modify Term of Imprisonment, and Addendum to Memorandum of Authorities in Support of Motion to Modify Term of Imprisonment." This court subsequently denied the July 12 motion on January 3, 2005. Petitioner then filed a motion requesting this court to reconsider his sentence in light of Booker. The only motion now before the court is petitioner's motion for reconsideration pursuant to Booker.

## II.     ANALYSIS

Petitioner's motion fails on both procedural and substantive grounds.

Petitioner's July 26, 2004 "Motion to Compel re: Title 28 U.S.C. § 2255" refers to his March 11, 2003 motion as a "§ 2255 motion." The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A) (1996) requires petitioner to file his writ of habeas corpus within one year after his sentence becomes final; i.e., by August 13, 2000. Plaintiff's earliest motion (the February 2001 motion to reduce sentence) was filed after that date. Therefore, even recharacterization of petitioner's earliest post-conviction filing as a § 2255 would not bring it within the one year window. See United States v. Emmanuel, 288 F.3d 644, 650 (4th Cir. 2002) ("In cases where no adverse consequences will ensue, the district court need not give the movant any notice prior to proceeding with the recharacterization" of a post-conviction motion to a § 2255 motion).

As noted, petitioner's conviction became final on August 13, 1999, before the Supreme Court's decision in Booker on January 12, 2005; therefore, in raising this

challenge, petitioner is necessarily asking this court to apply Booker's holding to his case retroactively. The Fourth Circuit has concluded that Booker is "not available for post-conviction relief for federal prisoners . . . whose convictions became final before Booker . . . was decided." United States v. Morris, No. 04-7889, 2005 WL 2950732, at *6 (4th Cir. Nov. 7, 2005). As such, this circuit holds that Booker does not apply retroactively to cases on collateral review.

### III.    CONCLUSION

For the foregoing reasons, it is therefore **ORDERED** that petitioner's motion for reconsideration is **DENIED**.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

November 21, 2005
Charleston, South Carolina